ALBANY,
Dec. 1838.

Ward
v.
Mozer.

WARD *vs.* MOZER & MERVIN.

In an action on a recognizance of bail put in in a court of common pleas, pro-
secuted in this court, the time of surrender is governed by the practice of this
court, and not by the practice of the court in which the recognizance was
taken.

EXONERETUR of bail. The defendants were sued in this
court as *special bail* on a recognizance entered into in the
superior court of the city of New-York, in a suit prosecuted
in that court. Within the *first eight days of the term* of this
court succeeding the commencement of the suit against the
bail, the *principal* was surrendered, and on such surrender
the bail applied to the superior court for an order directing
an *exoneretur* to be entered on the bail piece. That court
refused to grant the order, for the reason that by its rules
the surrender must be made *within ten days after the com-
mencement of the suit* against the bail or the bail are fixed,
and that more than ten days had elasped since the suit
against the bail. A motion was thereupon made in this court
for an *exoneretur*.

*J. M. Van Cott,* for the motion, relied upon the case of
*Fisher* v. *Branscombe,* 7 T. R. 355.

*S. F. Cowdrey,* contra, cited *Shuttle* v. *Wood,* 6 Mod. 132.

*By the Court,* COWEN, J. The cases cited are conflicting.
*Shuttle* v. *Wood* holds that in an action in the *king's bench*
on a recognizance taken in the *common bench* the court are
to be governed in respect to the surrender of bail by the
practice of the latter court; whereas the case of *Fisher* v.
*Branscombe* holds that the practice of the court in which
the action against the bail is brought should govern. I am
disposed to adopt the latter case as a precedent, and there-
fore grant the motion.